# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5408 | **DATE** | 1/23/2003 |
| **CASE TITLE** | HIDROVIA, S.A. vs. GREAT LAKES DREDGE & DOCK CORP. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION AND ORDER: Defendants' Rule 12(b)(6) motion to dismiss Count I of plaintiff's amended complaint is granted and that claim is dismissed with prejudice. Defendant's Rule 12(b)(6) motion to dismiss Count II of Plaintiff's amended complaint is denied. Defendant's motion to dismiss on the grounds of *forum non conveniens* is entered and continued. Plaintiff has until 2/6/03 to file a response to that motion. Defendant has until 2/13/03 to file a reply, if it wishes to do so. If Plaintiff fails to file a response in accordance with this Order, the Court will decide the *forum non conveniens* motion without it. The ruling on the *forum non conveniens* motion will be by mail.**
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 27 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 25 |
| | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

HIDROVIA, S.A.,

    Plaintiff,

v.

GREAT LAKES DREDGE
& DOCK CORPORATION,

    Defendant.

No. 02 C 5408
Paul E. Plunkett, Senior Judge

## MEMORANDUM OPINION AND ORDER

The case is before the Court on Great Lakes Dredge & Dock Corporation's ("Great Lakes") motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure ("Rule")12(b)(6) and on the grounds of *forum non conveniens*. For the reasons set forth below, the Rule 12(b)(6) motion is denied and the *forum non conveniens* motion is entered and continued for further briefing.



## Background[1]

Initially, Hidrovia argued that its tortious interference claim was governed by Illinois law, which, it claimed, does not make breach of contract a prerequisite to a tortious interference claim. (See generally Hidrovia's Resp. Great Lakes' Rule 12(b)(6) Mot. Dismiss Compl.) The Court disagreed, ruling that the claim was governed by Argentine law, which does make breach of contract a prerequisite to a tortious interference claim. (See 11/5/02 Mem. Op. & Order.) Because Hidrovia had not alleged that the contract was breached, the Court dismissed the complaint. (Id.) The dismissal was without prejudice, however, to preserve Hidrovia's ability to pursue the claim should Great Lakes succeed in its alleged efforts to induce a breach of the concession contract.

Subsequently, the Court granted Hidrovia permission to amend its complaint. The amended complaint is substantially the same as its predecessor, but differs in one significant respect: it alleges that the subsidy payments Great Lakes induced the Argentine government to withhold from Hidrovia were one of the Argentine government's contractual obligations. (Compare Compl. ¶ 16 (alleging that "the Argentine government would also pay the concessionaire a subsidy of US$10 million per calendar quarter during the term of the concession" with Am. Compl. ¶ 14 (alleging that "the Argentine government [was] obligated under the concession to pay the concessionaire a subsidy of US$10 million per calendar quarter during the entire term of the concession").) Despite Argentina's failure to honor this contract term, Hidrovia alleges that it "has elected not to terminate the Contract" and "has performed, and continues to perform, all of its obligations under [it]." (Id. ¶ 51.)

---

[1]The facts are fully set forth in the Court's November 5, 2002 Memorandum Opinion and Order granting Great Lakes' motion to dismiss Hidrovia's original complaint and will not be repeated here.

## Discussion

### Failure to State a Claim

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

Hidrovia can state a viable claim of tortious interference under Argentine law only if it alleges that Great Lakes caused the Argentine government to breach the concession contract. (See Def.'s Mem. Law Supp. Mot. Dismiss Pl.'s Am. Compl., Ex. 1, Ex. A, Rolon Aff. ¶ 10.) Great Lakes says that Hidrovia has made no such allegation. In fact, Great Lakes contends, Hidrovia's allegation that the contract remains in full force and effect establishes that no breach has occurred.

The Court disagrees. As Great Lakes concedes, a contract can be breached without being terminated. (Def.'s Reply Supp. Mot. Dismiss Pl.'s Am. Compl. at 3-4.) A breach occurs whenever one party fails to perform a contractual duty when it is due. See RESTATEMENT (SECOND) OF CONTRACTS § 235 (1981). If the breach is material, the non-breaching party has the option, but not the obligation, to stop performing under the contract. Id. § 237. Thus, Argentina's alleged failure to make the 2002 subsidy payments due under the contract constituted a breach, notwithstanding Hidrovia's decision to continue performing.

As Great Lakes points out, however, that definition of breach is based on U.S. law not the law of Argentina. Because Argentine law applies to this dispute, Great Lakes says, the outcome of

this motion is controlled by the only evidence proffered by the parties on Argentine law, the affidavit of Avelino Rolon.

There is, however, nothing in the Rolon affidavit to suggest that breach is defined differently in Argentina than it is here. Mr. Rolon does not, for example, say that Hidrovia would have a viable tortious interference claim only if Great Lakes' actions caused the Argentine government to terminate the concession contract or replace Hidrovia as the concessionaire. It simply says that "intentional and unjustified inducement of a contractual breach" that causes damage is actionable in Argentina. (See Def.'s Mem. Law Supp. Mot. Dismiss Pl.'s Am. Compl., Ex. 1, Ex. A, Rolon Aff. ¶¶ 9-10.)

Mr. Rolon also said that Hidrovia's original complaint did not state a viable claim for tortious interference under Argentine law because it did not allege that the contract had been breached or that Hidrovia had suffered damages as a result, (id. ¶ 11), conclusions with which the Court agreed. But Hidrovia cured those pleading problems in its amended complaint by alleging that: (1) the concession contract obligates the Argentine government to make quarterly subsidy payments to Hidrovia (Am. Compl. ¶¶ 16, 50); (2) Great Lakes' actions caused the Argentine government to withhold those payments in 2002 (id. ¶ 50); and (3) Hidrovia has been damaged as a result (id. ¶ 51). Because Mr. Rolon says that contract breach, not termination, is a prerequisite to a tortious interference claim in Argentina and the pleading defects he identified have now been cured, Great Lakes' Rule 12(b)(6) motion to dismiss Count II of the amended complaint is denied.

That leaves Count I, Hidrovia's repleading of its original version of the tortious interference claim, in which it alleges that Great Lakes is liable for making Hidrovia's performance under the concession contract more burdensome and expensive. Having determined that breach is an essential

-4-

element of tortious interference under both Argentine and Illinois law, the Court dismissed this claim from Hidrovia's original complaint. The dismissal was without prejudice so Hidrovia could pursue a tortious interference claim if and when Great Lakes actually induced a breach of the concession contract. The without prejudice dismissal does not, however, change the fact that there is no legal basis for Hidrovia's original tortious interference claim. Thus, Count I of Hidrovia's amended complaint is now dismissed with prejudice.

## Forum Non Conveniens

Great Lakes has also moved to dismiss this suit on the grounds of *forum non conveniens*. Hidrovia says that the motion is not ripe because the Court deferred discovery on, and consideration of, *forum non conveniens* until after the 12(b)(6) motion was decided. Hidrovia is mistaken. When Great Lakes presented its motion to dismiss the original complaint both on Rule 12(b)(6) and *forum non conveniens* grounds, the Court ordered the parties to confine their briefing to the 12(b)(6) issues. (See Pl.'s Resp. Mot. Dismiss Am. Compl., Ex. A, 10/8/02 Hr'g Tr. at 16-17.) Discovery, however, was not stayed and Hidrovia said that any discovery it needed could be completed by the end of 2002. (See Pl.'s Mot. Extension Time Respond Mot. Dismiss & Entry Scheduling Order, Ex. D.) Moreover, at the November 9, 2002 hearing, at which Hidrovia sought and received permission to amend its complaint, the Court clearly stated that the parties should address simultaneously the Rule 12(b)(6) and *forum non conveniens* issues raised by the amended complaint. (See 11/9/02 H'rg Tr. at 10.) Given this history, Hidrovia's insistence that it is not yet required to address the *forum non conveniens* issue is baffling. Nonetheless, the Court will give Hidrovia one more opportunity to file

a response to the *forum non conveniens* motion. If the response is not timely filed, however, the Court will decide the motion without it.

## Conclusion

For the reasons set forth above, Great Lakes' Rule 12(b)(6) motion to dismiss Count I of Hidrovia's amended complaint is granted and that claim is dismissed with prejudice. Great Lakes' Rule 12(b)(6) motion to dismiss Count II of Hidrovia's amended complaint is denied. Great Lakes' motion to dismiss on the grounds of *forum non conveniens* is entered and continued. Hidrovia has ten days from the date of this Memorandum Opinion and Order to file a response to that motion. Great Lakes has seven days thereafter to file a reply, if it wishes to do so. If Hidrovia fails to file a response in accordance with this Order, the Court will decide the *forum non conveniens* motion without it. The ruling on the *forum non conveniens* motion will be by mail.

**ENTER:**

**UNITED STATES DISTRICT JUDGE**

DATED: /-23-03