Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5408 | **DATE** | 4/25/2003 |
| **CASE TITLE** | Hidrovia, S.A. vs. Great Lakes Dredge | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Great Lakes' motion to dismiss this case on the grounds of *forum non conveniens* is granted. This is a final and appealable order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | APR 28 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | G.V. | 50 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



APR 2 8 2003

| | |
|---|---|
| HIDROVIA, S.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 02 C 5408 |
| | ) Paul E. Plunkett, Senior Judge |
| GREAT LAKES DREDGE | ) |
| & DOCK CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

The case is before the Court on Great Lakes Dredge & Dock Corporation's ("Great Lakes") entered and continued motion to dismiss the amended complaint on the grounds of *forum non conveniens*. For the reasons set forth below, the motion is granted.

### Discussion[1]

Under the doctrine of *forum non conveniens*, "a trial court may dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice." Kamel v. Hill-Rom Co., 108 F.3d 799, 802 (7th Cir. 1997).

---

[1] The facts are fully set forth in the Court's November 5, 2002 Memorandum Opinion and Order granting Great Lakes' motion to dismiss Hidrovia's original complaint and will not be repeated here.



> When an alternative forum has jurisdiction to hear a case, and when a trial in the chosen forum would result in vexation and oppression to the defendant which would far outweigh the plaintiff's convenience or when the chosen forum would generate administrative and legal entanglements for the trial court, the court may dismiss the case.

Id.

The first step in the *forum non conveniens* analysis is to determine whether an adequate alternative forum is available to hear the dispute. Id. "An alternative forum is available if all parties are amenable to process and are within the forum's jurisdiction." Id. at 803. The forum is adequate if "the parties will not be deprived of all remedies or treated unfairly." Id.

The parties agree that Argentina is an available alternative forum. (See Great Lakes' Mem. Supp. Mot. Dismiss at 7-8; Hidrovia's Opp'n. at 12.) Hidrovia contends, however, that Argentina is not an adequate forum to resolve the dispute because: (1) Hidrovia would not be able to enforce an Argentine judgment or receive American dollars in satisfaction of any judgment; (2) Hidrovia would not be able to compel the testimony of witnesses; and (3) Hidrovia's ability to prove its case would be hampered by the lack of pre-trial discovery in Argentine courts. (Hidrovia's Opp'n at 12.)

Hidrovia has offered no evidence to substantiate these concerns. Hernan Martin Oriolo, Hidrovia's expert on Argentine law, says nothing at all about the feasibility of enforcing an Argentine judgment or Hidrovia's ability to have an Argentine judgment satisfied in American dollars. (See generally Hidrovia's Opp'n, Ex. G, Oriolo Aff.) Moreover, he admits that Argentine courts have the power to compel the testimony of witnesses at trial. (Compare Great Lakes' Reply, Ex. C, Rolon Aff. ¶ 20 with Hidrovia's Surreply, Ex. A, Oriolo Supplemental Aff. ¶ 13.) Because these purported concerns are speculative at best, they do not make Argentina an inadequate forum.

Mr. Oriolo does say, however, that "there are no pre-trial oral depositions, or provisions for answers to written interrogatories or document requests" under the Argentine National Code of Civil and Commercial Procedure ("the Code"). (Hidrovia's Opp'n, Ex. G, Oriolo Aff. ¶ 5.) Rather, he says that the parties must present the evidence on which they will rely at the time they file their pleadings. (Id. ¶ 7.) Rarely, an Argentine court will order a defendant to produce documents before trial, Mr. Oriolo says, but it will do so only if the plaintiff specifically identifies the documents sought and has a demonstrably reasonable fear that the evidence will be unavailable later. (Id. ¶¶ 5-6.)

Mr. Rolon, Great Lakes' expert on Argentine law, paints quite a different picture of the process. He says that the Code enables "a prospective plaintiff [to] ask the court to order the prospective defendant to produce an affidavit identifying certain personal information, exhibits, or documents." (Great Lakes' Reply, Ex. C, Rolon Aff. ¶ 10.) Moreover, Mr. Rolon says that the Code empowers the judge to order the production of documents, permits parties to serve interrogatories on public and private entities and allows the parties to request depositions of their opponents. (Id. ¶¶ 17-19.)

Undoubtedly, the truth about the Argentine litigation process lies somewhere between the all or nothing extremes described by the parties. But, because neither party saw fit to provide the Court with an English translation of the relevant Code sections, the precise contours of the process remain a mystery. In the end, however, it does not matter. A forum is inadequate only if the remedy it provides "is so clearly inadequate or unsatisfactory," as when "the alternative forum does not permit litigation of the subject matter of the dispute," that "it is no remedy at all." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 254 & n.22 (1981).

The parties agree that Argentine law recognizes Hidrovia's cause of action and that the Argentine courts have the power to depose the parties, order the production of documents and subpoena witnesses for trial. (Compare Great Lakes' Reply, Ex. C, Rolon Aff. ¶¶ 17-22 with Hidrovia's Surreply, Ex. A, Oriolo Supplemental Aff. ¶ 13.) The fact that Argentine evidence-gathering tools may be different in timing and scope from those available here does not make Argentina an inadequate forum. Borden, Inc. v. Meiji Milk Prods. Co., Ltd., 919 F.2d 822, 829 (2d Cir. 1990) ("[T]he unavailability of beneficial litigation procedures similar to those available in the federal district courts does not render an alternative forum inadequate."); see Satz v. McDonnell Douglas Corp., 244 F.3d 1279, 1283 (11th Cir. 2001) ("The plaintiffs' concerns about Argentine filing fees, the lack of discovery in Argentine courts, and their fear of delays in the Argentine courts do not render Argentina an inadequate forum.").

The next step in the analysis is to balance the private and public interests in the case. Kamel, 108 F.3d at 803. The private interests include: plaintiff's choice of forum, the ease of access to sources of proof, the availability of process to compel the attendance of unwilling witnesses and the cost of obtaining their attendance and any other "practical problems that make trial of a case, easy, efficient and economical." Id. The public interests include:

> the administrative difficulties stemming from court congestion; the local interest in having localized disputes decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflicts of law or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Id.

Obviously, Hidrovia has chosen this Court as its forum. As a foreign citizen, however, that choice is entitled to little deference. Piper Aircraft, 454 U.S. at 266. Thus, Hidrovia's forum choice tips the balance only slightly in its favor.

The access to proof factor, however, weighs heavily in favor of dismissal. The gravamen of Hidrovia's claim is that Great Lakes pressured the Argentine government directly, and through others, to breach various terms of the concession contract. Thus, four sets of witnesses will be necessary to prosecute and defend the case: (1) the Great Lakes employees who contacted the Argentine government; (2) the Argentine officials who were on the receiving of Great Lakes' efforts and made the decisions about the concession contract; (3) the media members, shippers and U.S. government officials through whom Great Lakes acted; and (4) the Hidrovia employees with knowledge about the allegations of its complaint.

Great Lakes says there are three witnesses in the first category, Kyle Johnson, Richard Lowry and Gavin Lough. (See generally Hidrovia's Opp'n, Ex. A, Great Lakes' Interrog. Answers.) Messrs. Johnson and Lowry are in Oakbrook, Illinois. (Id.) Mr. Lough is in Argentina. (Id.) There are eight current or former Argentine officials in the second category, all of whom are in Argentina. (Id.) The witnesses in the third category include Michelle Brockmann, editor of a dredging industry trade publication, who is in Miami, Florida, and four representatives of Argentine shipping interests and three representatives of the United States government, all of whom are in Argentina. (Id.; id., Ex. D, GL 5, 8-10; Great Lakes Reply, Ex. I, Johnson Dep. at 108.) Finally, the five Hidrovia employees most knowledgeable about its claim are also in Argentina. (Great Lakes' Reply, Ex. A, Heiremans Dep. at 10, 27-28, 37, 40-41, 44, 51-52, 63-81.)

Though all of those witnesses are important, the most critical are the Argentine officials. It is their testimony about why they suspended the subsidies to Hidrovia that will make or break Hidrovia's tortious interference claim. Unlike this Court, which has no power to secure their testimony, or that of any other Argentine witness, there is no dispute that an Argentine court can do so. (See Great Lakes' Reply, Ex. C, Rolon Aff. ¶¶ 20-21; Hidrovia's Surreply, Ex. A, Oriolo Supplemental Aff. ¶ 13.) Given the importance of this testimony to both the prosecution and the defense, this Court's inability to subpoena the Argentine government officials militates in favor of dismissing the suit.

The majority of the documents relevant to the case are also in Argentina. Though some of Great Lakes' documents are at its offices in Illinois, some are in Argentina, as are Hidrovia's documents, the documents of the Argentine shippers and the documents of the Argentine government. This Court cannot compel the Argentine entities to produce documents for the case. Moreover, even if all of the Argentine entities would agree to do so, and there is no indication that they would, those documents would have to be translated into English, a costly and time-consuming process. In short, it would be difficult, if not impossible, for the parties to secure relevant documentary evidence if the case were tried here.

It is not surprising that most of the evidence required for this case is in Argentina because that is where the dispute is centered. The case revolves around a concession contract between an Argentine company and the Argentine government to operate a waterway in Argentina. As Hidrovia describes it, Great Lakes' alleged "campaign" to replace Hidrovia as concessionaire was directed at the Argentine government and was carried out by Great Lakes' Argentine agent, with the help of Argentine shippers and representatives of the U.S. government in Argentina. (See Hidrovia's Opp'n

at 5-10.) In fact, the connection between Argentina and this dispute is so close, that Argentine law governs it. (See 11/5/02 Mem. Opinion & Order at 3-5.)

Though Illinois has an interest in regulating the actions of its corporate citizens, this is hardly the kind of localized dispute that demands a local trial. Moreover, given the state of this Court's docket, it would be unreasonable for us to devote the kind of time and resources that would be necessary to translate, learn and apply Argentine law to this dispute, when the courts of Argentina are available to resolve it. Given Argentina's intimate involvement with this case, the courts of that country should be given both the benefit and the burden of resolving it.

The Court recognizes that dismissing this suit thwarts Hidrovia's forum choice and may increase the length of the litigation. (See Hidrovia's Opp'n, Ex. G, Oriolo Aff. ¶ 14 (stating that average case resolution time for Argentine courts is three to four years).) But those are the only *forum non conveniens* factors that favor keeping the case here. Dismissing the case for refiling in Argentina, on the other hand, ensures that it will be tried by a court familiar with the applicable law, that critical third-party witnesses will be available to testify, that most of the documents will be close at hand and in the native language of the forum, and that the forum most closely related to this dispute will resolve it. For all of these reasons, Great Lakes' motion to dismiss on the grounds of *forum non conveniens* is granted.

## Conclusion

For the reasons set forth above, Great Lakes' motion to dismiss this case on the grounds of *forum non conveniens* is granted. This is a final and appealable order.

**ENTER:**

UNITED STATES DISTRICT JUDGE

DATED: 4-25-03